IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00931–MSK–KMT

HOME DESIGN SERVICES, INC.,

      Plaintiff,

v.

C & H BUILDERS, LLC,
SJODEN WOOD DESIGNS, LLC,
CHRIS SJODEN,
JERRY W. PETERS, individually and d/b/a J.W. DESIGN,
DONALD G. WALKER,
TERESA S. WALKER,
DAVID P. SMITH, and
JANELYN M. SMITH,

      Defendants.

**ORDER**

      This matter is before the court on "Plaintiff's Motion to Amend Complaint and Memorandum of Law in Support Thereof" (Doc. No. 26, filed September 14, 2009). The motion is unopposed.

      A Scheduling Order was filed in this matter on July 21, 2009, setting the deadline for Joinder of Parties and Amendment of Pleadings at September 30, 2009. (Doc. No. 23.) Therefore, the motion and proposed amended complaint were timely filed. Further, the case is in the early stages of litigation.

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl*., 712 F.2d 444, 446 (10th Cir.1983).

Plaintiff seeks to add two new allegations of vicarious and/or contributory liability in order to clarify its intention to pursue these alternative theories of liability. There has been no showing of, and the court does not find, undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

"Plaintiff's Motion to Amend Complaint and Memorandum of Law in Support Thereof" (Doc. No. 26) is GRANTED.

The Clerk of Court is directed to file Plaintiff's "Amended Complaint - Injunctive Relief Sought" (Doc. No. 26-2 and the exhibits attached thereto).

Dated this 14th day of October, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge